FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 08 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN M. OTERO,

       Plaintiff,

 -against-

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
------------------------------------------------------------X

DECISION AND ORDER
12-CV-1434 (WFK) (RLM)

**WILLIAM F. KUNTZ, II, United States District Judge**

 Juan M. Otero ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 405(g), seeking review of an unfavorable decision by an Administrative Law Judge ("ALJ"), which denied Plaintiff's claims for Social Security disability insurance benefits and Supplemental Security Income ("SSI"). The ALJ's decision later became the "final decision" of the Commissioner of Social Security ("Defendant" or "the Commissioner"). Plaintiff moves for an order reversing the Commissioner's decision or, in the alternative, remanding his case back to the Commissioner for further proceedings. Defendant moves to dismiss the action for failure to comply with the statute of limitations. For the reasons that follow, the Court denies Plaintiff's motion and grants Defendant's motion to dismiss.

**I. Factual Background**

 Plaintiff applied for disability insurance benefits and SSI on September 4, 2008, claiming that he had been unable to work due to disabling impairments since June 1, 2007. *See* Decl. of Donald V. Ortiz ("Ortiz Decl."), Ex. 1 ("ALJ Decision") at 1. Plaintiff suffers from bronchial asthma, sleep apnea, and alopecia. *Id.* at 3. The Social Security Administration ("SSA") denied

1

Plaintiff's claims and, on November 19, 2008, Plaintiff filed a request for a hearing before an ALJ. *Id.* at 1.

On March 22, 2010, Plaintiff appeared and testified at an administrative hearing before ALJ Lucian A. Vecchio. *Id.* Although Plaintiff was informed of his right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or other representative. *Id.* A medical expert, Dr. Richard J. Wagman, and a vocational expert, Ms. Christina Boardman, also appeared and testified at the hearing. *Id.* ALJ Vecchio considered Plaintiff's claims *de novo* and, in a decision dated March 25, 2010, found that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). *Id.* at 1–7.

Plaintiff then requested the Appeals Council review the ALJ's decision. *See* Ortiz Decl., Ex. 2 ("Notice of Appeals Council Action") at 1. The Appeals Council considered the reasons Plaintiff disagreed with the ALJ's decision. *Id.* at 1–2. In a notice of decision dated June 7, 2011, the Appeals Council found no reason to change the ALJ's decision, and thus denied Plaintiff's request for review. *Id.*

In the June 7, 2011 notice, the Appeals Council notified Plaintiff that if he disagreed with the Appeals Council's decision, he could commence a civil action within sixty (60) days of the date he received the notice. *Id.* at 2. The notice also advised that Plaintiff would be assumed to have received the notice within five (5) days of the date of issuance unless Plaintiff showed that he did not receive it within the five-day period. *Id.* Furthermore, the notice informed Plaintiff that if he could not file a civil action within sixty days of receiving the notice, he could request an extension of time to do so from the Appeals Council, which would grant the request upon a showing of good cause. *Id.* at 2–3.

The Appeals Council did not receive any request for an extension of time to file a civil action from Plaintiff. *See* Ortiz Decl. at ¶ 3(b). Plaintiff filed this action on March 14, 2012, nearly one year later.

Plaintiff alleges he received the Appeals Council's notice declining to review the ALJ's decision on March 3, 2012, nearly nine months after the June 7, 2011 notice date. Pl.'s June 26, 2012 Letter ("Pl.'s Letter"), Dkt. No. 11, at 1–2. In support of this claim, Plaintiff provides a photocopy of an envelope, postmarked February 28, 2012, from a component of the SSA called the Wilkes-Barre Data Operations Center Customer Service Unit ("WBDOC Customer Service") and a cover letter from WBDOC Customer Service dated February 27, 2012, which references an enclosure being provided in response to a telephone inquiry made by Plaintiff. Pl.'s Letter at 6–7. Although the cover letter does not describe the enclosure, Plaintiff attaches a copy of the June 7, 2011 notice to the cover letter, suggesting the notice was the enclosure. *Id.* at 8–11.

## II. Standard of Review

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the claims liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotations and alteration omitted).

Plaintiff has filed his complaint *pro se*. The submissions of a *pro se* litigant should be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (citation omitted).

### III. Discussion

#### A. Plaintiff's Complaint is Dismissed for Failure to Timely File

42 U.S.C. § 405(g) provides for judicial review of a final determination by the Commissioner within sixty days of the petitioner's receipt of the Commissioner's determination. Section 405(g) thus states in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

This appeal remedy is the exclusive means of challenging the Commissioner's "final decision" of a Social Security benefits determination. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

The sixty-day time limit is not jurisdictional, but rather a statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Moreover, because the sixty-day statute of limitations "is a condition on the waiver of [the United States'] sovereign immunity," it must be strictly construed. *Id.* at 479. Indeed, district courts in the Second Circuit have held that absent circumstances calling for equitable tolling, a complaint filed even just a few days past the sixty-day limit must be dismissed. *See, e.g., Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (Cote, J.) (complaint filed one day late); *Worthy v. Heckler*, 611 F. Supp. 271, 272–73 (W.D.N.Y. 1985) (Elfvin, J.) (complaint filed two days late).

"[T]he Act does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000). Under SSA regulations, if the Appeals Council grants review of a claim, then the Council's decision in that review becomes the Commissioner's final decision. *Id.* at 106–07. "But if, as here, the Council denies the request for review, the ALJ's opinion becomes the final decision." *Id.* at 107. The mailing of the final decision is presumed received five days after it is dated unless the claimant makes a reasonable showing to the contrary. *See* 20 C.F.R. §§ 404.901, 416.1401, 422.210(c); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984).

The Appeals Council denied Plaintiff's request to review the ALJ's decision on June 7, 2011. Because the Appeals Council denied the request for review, the ALJ's opinion became the "final decision" of the Commissioner on that date. Under SSA regulations, Plaintiff presumptively received notice of the Appeals Council's decision on or before June 12, 2011. Plaintiff had sixty days, or until August 11, 2011, to file a civil action seeking review of the Commissioner's final decision. Alternatively, Plaintiff could have requested an extension of time to file the complaint. Plaintiff did neither in this case. Instead, Plaintiff filed the complaint on March 14, 2012, more than six months after the August 11, 2011 deadline. Hence, Plaintiff's complaint is untimely and must be dismissed.

### B. Plaintiff Has Not Rebutted the Presumption of Receipt Within Five Days

Plaintiff asserts he did not receive notice of the Appeals Council's decision until March 3, 2012, rendering the filing of his complaint timely. However, "a plaintiff must do more than merely assert that he did not receive the notice within five days." *Liranzo v. Astrue*, No. 07–CV–5074, 2010 WL 626791, at *2 (E.D.N.Y. Feb. 23, 2010) (Amon, J.). To rebut the presumption that Plaintiff received notice of the Appeals Council's decision by June 12, 2011, he

must make a "reasonable showing" by "present[ing] some affirmative evidence indicating that the actual receipt occurred more than five days after issuance." *Guinyard v. Apfel*, No. 99 CIV. 4242, 2000 WL 297165, at *3 (S.D.N.Y. Mar. 22, 2000) (Mukasey, J.). "Only when a claimant successfully rebuts the presumption with a 'reasonable showing' that he received notice of decision after five days, [does] the burden shift[] to the Commissioner of Social Security to establish that the claimant received actual notice." *Liranzo*, 2010 WL 626791, at *1.

Plaintiff has produced a letter from WBDOC Customer Service, postmarked February 28, 2012, and a cover letter, dated February 27, 2012, referencing an enclosure sent to Plaintiff in response to a telephone inquiry. Pl.'s Letter at 6–7. WBDOC Customer Service is a component of the SSA that provides technical and benefit information on SSA-administered programs in response to telephone inquiries and other requests for assistance from the public through the SSA's national "800 Number Network" and website. *See* Def.'s Reply, Ex. 1 ("WBDOC Component Home Page, Areas of Responsibility"). At best, Plaintiff's evidence shows he contacted WBDOC Customer Service and, as a result, WBDOC Customer Service sent him a copy of the June 7, 2011 Appeals Council notice on February 28, 2012.

Plaintiff's evidence is a far cry from the types evidence other courts in the Second Circuit have found sufficient to rebut the presumption of receipt within five days of the Appeals Council's decision. For instance, in *Matsibekker*, the claimant successfully rebutted the presumption by affirmatively proving notice of the Appeals Council's decision was not sent until seven days after the decision date, though the court did not describe the evidence submitted by the claimant. 738 F.2d at 81. In *Chiappa v. Califano*, the claimant rebutted the presumption by showing he had changed addresses at the time he filed his administrative appeal. 480 F. Supp. 856, 857 (S.D.N.Y. 1979) (Sofaer, J.). Furthermore, the *Chiappa* claimant submitted an affidavit

from a "railroad clerk" who had forwarded the Appeals Council notice to the claimant's new address more than a month after the notice date. *Id.* Therefore, the *Chiappa* claimant could not have received the notice by presumed date of receipt. *Id.* Similarly, the claimant in *Dobbs v. Heckler* rebutted the presumption by showing she had moved when the Appeals Council sent notice of its decision. No. 85 Civ. 0876, 1985 WL 71754, at *3 (E.D.N.Y. July 1, 1985) (Glasser, J.).

In contrast, the letter from WBDOC Customer Service does not suggest the Appeals Council mailed its notice after June 7, 2011, nor does Plaintiff suggest the notice was mistakenly sent to a previous address. Indeed, the Second Circuit has previously rejected an attempt to rebut the presumption of receipt based on an ambiguous letter sent from the SSA in response to a claimant's request for information regarding the status of his case. *See Liranzo v. Comm'r of Social Sec.*, 411 F. App'x 390, 391 (2d Cir. 2011). In *Liranzo*, the claimant visited his local SSA office in early November 2007—after the statute of limitations had already run—and received a letter dated November 15, 2007, responding to his request for information. *Id.* The Second Circuit noted that though "his visiting the Social Security office is consistent with non-receipt of the notice, it does little or nothing to prove it. The letter he received does not say what information he requested, and merely provides a list of legal representatives." *Id.*

*Liranzo* is on all fours with the case at bar. Plaintiff's evidence showed he contacted WBDOC Customer Service long after the statute of limitations had expired, based on the presumed June 12, 2011 date of receipt. The cover letter from WBDOC Customer Service does not say what information Plaintiff requested, but even assuming the letter contained a copy of the Appeals Council's decision, the letter does little or nothing to prove that Plaintiff did not receive

the notice of decision by June 12, 2011. Accordingly, Plaintiff has not made a reasonable showing that he did not receive the notice of decision by June 12, 2011.

Finally, the doctrine of presumption of administrative regularity "provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties." *Miley v. Principi*, 366 F.3d 1343, 1347 (Fed. Cir. 2004). This doctrine extends to the mailing of official letters and, pursuant to that doctrine, the Court presumes that the Appeals Council notice was "mailed on the date shown on the letter," which in this case is June 7, 2011. *Id.* In light of this, Plaintiff cannot escape the presumption that he received the Appeals Council notice by June 12, 2011, and because he filed his complaint on March 12, 2012, the action is untimely and must be dismissed.

### C. Equitable Tolling Does Not Apply to Plaintiff's Time to File

The doctrine of equitable tolling may excuse a claimant's failure to file his complaint within sixty days of receiving the Commissioner's final decision. *Bowen*, 476 U.S. at 480. The plaintiff bears the burden of showing that tolling is justified. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). A late-filing plaintiff seeking equitable tolling must prove two things: (1) plaintiff "has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The plaintiff must also show a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

In this case, Plaintiff presents no evidence or assertion that he has been pursuing his rights diligently. Nor has Plaintiff suggested any extraordinary circumstances prevented him

from filing this action within sixty days of receiving the Appeals Council notice. Therefore, equitable tolling is inappropriate in this case.

IV. **Conclusion**

Plaintiff's complaint was not filed within sixty days of the date of presumptive receipt of the Appeals Council's notice, and Plaintiff has not met his burden of proving any basis for equitable tolling. Accordingly, the Court grants Defendant's motion to dismiss. The Clerk of Court is directed to enter judgment for Defendant and to close the case.

**SO ORDERED**

Dated: Brooklyn, New York
May 8, 2013

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
United States District Judge